

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00086-CR

_____

MARK ANTHONY YOUNG, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 354th District Court
Hunt County, Texas
Trial Court No. 29,236

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

## MEMORANDUM OPINION

After having waived his right to a jury trial, Mark Anthony Young was convicted of the offense of aggravated robbery with a deadly weapon and was sentenced to fifty years' incarceration.

Young's appellate counsel filed a brief that outlined the procedural history of the case, provided a detailed summary of the evidence elicited during the course of the trial court proceedings, and stated that counsel found no meritorious issues to raise on appeal. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1981); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

Counsel provided Young with copies of the brief, the appellate record, and the motion to withdraw. Young exercised his right to file a pro se response, in which he claims (1) ineffective assistance of counsel, (2) prosecutorial misconduct, (3) actual innocence, and (4) that the judgment is not supported by legally sufficient evidence.

We have determined that this appeal is wholly frivolous. We have independently reviewed the clerk's record and the reporter's record, and, taking into consideration Young's points of error, we agree that no arguable issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

In the *Anders* context, once we determine that the appeal is without merit and is frivolous, we must either dismiss the appeal or affirm the trial court's judgment. *See Anders*, 386 U.S. at 738.

We affirm the judgment of the trial court.[1]

Bailey C. Moseley
Justice

Date Submitted:     June 17, 2015
Date Decided:       June 25, 2015

Do Not Publish

---

[1]Since we agree this case presents no reversible error, we also, in accord with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or appellant must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing or was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.